The CONVERSE PROFESSIONAL GROUP, INC., a California corporation; Converse Testing West, a California corporation, Plaintiff–Appellants,

v.

FEDERAL INSURANCE CO., an Indiana corporation, Defendant–Appellee.

No. 07–55134.

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 2008.*

Filed June 5, 2008.

Thomas Palffy, Esq., Hunt Ortmann Blasco Palffy & Rossell, Pasadena, CA, for Plaintiff–Appellants.

Richard G. Ritchie, Esq., Inglis Ledbetter & Gower, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: O'SCANNLAIN, TALLMAN, Circuit Judges, and SINGLETON,** Senior District Judge.

MEMORANDUM ***

In this diversity action, Converse Professional Group (CPG) and Converse Testing West (CTW) sued Federal Insurance Company (Federal), alleging that Federal improperly denied coverage under a D & O policy for costs they incurred defending and ultimately settling a lawsuit. That lawsuit involved a claim by a union to recover from CTW unpaid fringe benefit contributions required by a bargaining agreement and master labor agreement. CPG was sued under *alter ego* theories. The district court granted summary judgment in favor of Federal. The remaining facts are known to the parties and will not be repeated.

Appellants argue that Federal had a duty to defend CPG and CTW under the D & O Policy in the union's action notwithstanding that no individual officer or director was a named defendant either in the caption or the body of the complaint. Appellants' argument is foreclosed by *Bowie v. Home Ins. Co.*, 923 F.2d 705, 708 (9th Cir.1991) (explaining that "[t]he phrase 'duty to defend' presupposes the existence of a lawsuit against an 'insured,' requiring a defense under the policy. Here, that supposition simply does not apply.").

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable James K. Singleton, Jr., Senior District Judge, District of Alaska, sitting by designation

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.